■ In the Matter of the Estate of PETER VETRI, Deceased. THOMAS VETRI, Respondent; PETER T. VETRI, as Executor of ANGELA VETRI, Appellant. [617 NYS2d 803] —In a proceeding commenced by the administrator of the estate of Peter Vetri for permission to sell a certain parcel of real property, Peter T. Vetri, as executor of the estate of Angela Vetri, the wife of Peter Vetri, appeals from an order of the Surrogate's Court, Kings County (Bloom, S.), dated February 2, 1993, which granted the administrator's petition seeking permission to sell the real property and canceled the notice of pendency filed against the real property by Angela Vetri in a related action.

Ordered that the appeal is dismissed as academic, with costs payable by the appellant personally.

The real property in question was sold after the Surrogate's Court canceled the notice of pendency. Thus, the propriety of the order appealed from is academic. We note that the appellant could have obtained a stay pursuant to CPLR 5519 to prevent the property from being sold. Having failed to obtain such a stay, he is not now entitled to the reinstatement of the notice of pendency *(see, Da Silva v Musso,* 76 NY2d 436; McLaughlin, 1990 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C6514:1, 1995 Pocket Part, at 144). Accordingly, in the event that the appellant prevails in the related action, he would be limited to monetary damages, and may not recover the real property. Bracken, J. P., Lawrence, Santucci and Goldstein, JJ., concur.