■ THOMAS R. ANDINO, Appellant, v LORETTA F. SAMENGA, Defendant, and ALAN D. PARDO, Respondent. [730 NYS2d 864] —In an action to recover damages for legal malpractice, the plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County (Bucaria, J.), dated August 28, 2000, as, upon an order of the same court, dated July 7, 2000, inter alia, granting the motion of the defendant Alan D. Pardo to dismiss the complaint insofar as asserted against him, is in favor of the defendant Alan D. Pardo and against him dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff appeals from a judgment, dated August 28, 2000, dismissing the complaint insofar as asserted against the defendant Alan D. Pardo. The judgment was entered upon an order of the same court, dated July 7, 2000, which, inter alia, granted Pardo's motion to dismiss the complaint insofar as asserted against him. The plaintiff appealed from both the order and the judgment. The appeal from the order was dismissed by this Court upon the plaintiff's failure to perfect the appeal (see, 22 NYCRR 670.8 [h]). Although the plaintiff would normally be precluded from relitigating the issues which could have been raised on the prior appeal from the order (see, Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Bray v Cox, 38 NY2d 350),

under the circumstances, we exercise our discretion to review the propriety of the dismissal (see, Faricelli v TSS Seedman's, 94 NY2d 772).

The Supreme Court properly granted Pardo's motion to dismiss the complaint insofar as asserted against him as no attorney-client relationship existed between the plaintiff and Pardo (see, Shannon v Gordon, 249 AD2d 291, 292-293; DeFalco v Cutaia, 236 AD2d 358). Santucci, J. P., Altman, Florio, H. Miller and Cozier, JJ., concur.