■ KAREN MEEKINS et al., Appellants, v TOWN OF RIVERHEAD, Respondent. [798 NYS2d 133]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Lifson, J.), dated December 19, 2003, which

granted the defendant's motion for summary judgment dismissing the complaint, (2) a judgment of the same court entered March 17, 2004, which upon the order, is in favor of the defendant and against them, dismissing the complaint, and (3) an order of the same court dated May 6, 2004, which denied their motion for leave to reargue the motion for summary judgment.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order dated December 19, 2003, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated December 19, 2003, are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The appeal from the order dated May 6, 2004, must be dismissed as no appeal lies from an order denying a motion for leave to reargue.

Initially, we reject the plaintiffs' contention that the Supreme Court erred in considering the defendant's motion for summary judgment because a previous motion for such relief had been denied. The prior order did not determine the merits of the issues raised and did not constitute the law of the case. It only determined that the defendant did not meet the burden of tendering evidence in admissible form to demonstrate the absence of a triable issue of fact and that such motion was premature (*see Strouse v United Parcel Serv.,* 277 AD2d 993 [2000]; *Curry v 365 W. 19th St. Owners Corp.,* 249 AD2d 82 [1998]). In any event, even if the plaintiffs were correct in arguing that the order denying the defendant's prior motion for summary judgment constituted the law of the case, this Court is not bound by that doctrine and may consider the motion on its merits (*see Mosher-Simons v County of Allegany,* 99 NY2d 214, 218-219 [2002]; *Latture v Smith,* 304 AD2d 534 [2003]).

Pursuant to Town of Riverhead Code § 10-2, prior written notice is a condition precedent to maintaining an action against the Town arising from a sidewalk defect. Contrary to the plaintiffs' contentions, the walkway involved here falls within the scope of the prior written notice provisions of that statute (*see Woodson v City of New York,* 93 NY2d 936 [1999]; *Rutto v County of Westchester,* 298 AD2d 450 [2002]). Since it is

undisputed that the defendant did not receive prior written notice of the alleged defect which caused the plaintiff Karen Meekins to fall, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

In light of the foregoing, the plaintiffs' remaining contention need not be addressed. Schmidt, J.P., Santucci, Mastro and Rivera, JJ., concur.