■ HAMPTON VALLEY FARMS, INC., et al., Respondents, v FLOWER & MEDALIE et al., Appellants, et al., Defendant. [835 NYS2d 678]—

In an action, inter alia, to recover damages for legal malpractice, the defendants Flower & Medalie, Flower & Plotka, Flower, Plotka & Medalie, Edward Flower, and Randolph Medalie, appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated January 10, 2005, which, inter alia, granted the plaintiffs' motion pursuant to CPLR 5015 to vacate a judgment entered April 18, 1995, against the plaintiffs Rose Ann Shearin and the Sun Quest Corporation on the counterclaim, upon the plaintiffs' default in answering the counterclaim, and directed the plaintiffs to serve an answer to the counterclaim.

Ordered that the order is reversed, on the law, with costs, and the motion pursuant to CPLR 5015 to vacate the judgment entered April 18, 1995, is denied.

The plaintiffs commenced this action alleging, inter alia, legal malpractice against their prior attorneys, Flower & Medalie, Flower & Plotka, and Flower, Plotka & Medalie, and two of the law firms' partners, Edward Flower and Randolph Medalie (hereinafter collectively the defendants). Communication between the plaintiff Rose Ann Shearin and her new attorney subsequently deteriorated and that attorney moved to be relieved as counsel in this action. Prior to the determination of that motion, the new attorney executed a stipulation with the defendants' attorneys in or about July 1993, whereby it was agreed that a proposed complaint by the defendant Flower & Medalie against the plaintiffs to recover unpaid legal fees would be deemed a counterclaim in this action for legal malpractice. The plaintiffs failed to reply to the counterclaim and, on April 18, 1995, a default judgment was entered against the plaintiffs Rose Ann Shearin and the Sun Quest Corporation on the counterclaim. About two years later, the plaintiffs moved to vacate the default judgment, which motion was denied. A motion for leave to reargue the motion to vacate was also denied. More than five years later, the plaintiffs moved again to vacate the default judgment. The Supreme Court held a hearing on the motion, granted the plaintiffs' motion to vacate the default judgment, and directed the plaintiffs to serve an answer to the counterclaim. On appeal, the defendants contend that the Supreme Court erred in considering the plaintiffs' motion to vacate the default judgment because the Supreme Court's denial

of the plaintiffs' prior motion to vacate the default judgment and the Supreme Court's denial of leave to reargue the prior motion to vacate the default judgment constituted law of the case. We agree.

"The doctrine of the law of the case seeks to prevent relitigation of issues of law that have already been determined at an earlier stage of the proceeding" (*Brownrigg v New York City Hous. Auth.*, 29 AD3d 721, 722 [2006]). It applies to determinations which were necessarily resolved on the merits in the prior order (*see D'Amato v Access Mfg.*, 305 AD2d 447, 448 [2003]). Here, the Supreme Court should have denied the plaintiffs' motion to vacate the default judgment as precluded by the law of the case doctrine. Although this Court is not bound by the doctrine and may consider the plaintiffs' motion on the merits (*see Mosher-Simons v County of Allegany*, 99 NY2d 214, 218 [2002]; *Meekins v Town of Riverhead*, 20 AD3d 399 [2005]), the plaintiffs' contentions in this case are without merit.

The defendants' request for affirmative relief regarding their pending cross motion is not properly before us on this appeal (*see* CPLR 7803 [1]). Schmidt, J.P., Mastro, Carni and Dickerson, JJ., concur.