■ DEBCON FINANCIAL SERVICES, INC., Plaintiff, v 83-17 BROADWAY CORP., Appellant, et al., Defendant. BRETT MORGAN, LLC, Nonparty Respondent. (Action No. 1.) DEBCON FINANCIAL SERVICES, INC., Plaintiff, v 83-17 BROADWAY CORP., Appellant, and DEMETRA SIRICA et al., Defendants. JOSEPH NOORMAND et al., Nonparty Respondents. (Action No. 2.) [878 NYS2d 75]—In two related actions to foreclose two mortgages, 83-17 Broadway

Corp., a defendant in both actions, appeals from (1) an order of the Supreme Court, Queens County (Price, J.), entered November 22, 2006, in action No. 1, (2), as limited by its brief, from so much of an order of the same court also entered November 22, 2006, as denied that branch of its motion in action No. 1 which was to vacate a judgment of foreclosure and sale dated December 20, 1999, entered upon its default, and (3), as limited by its brief, from so much of an order of the same court also entered November 22, 2006, as denied its cross motion in action No 2, inter alia, to cancel a notice of pendency filed against the subject property on September 29, 1998, and to vacate a judgment of foreclosure and sale entered September 17, 2001, upon its default.

Ordered that the appeal from the first order entered November 22, 2006 is dismissed as abandoned; and it is further,

Ordered that the second order entered November 22, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that the third order entered November 22, 2006 is modified, on the law and the facts, by deleting the provisions thereof denying those branches of the cross motion of the defendant 83-17 Broadway Corp. which were to cancel the notice of pendency filed against the subject property on September 29, 1998 and to vacate the judgment of foreclosure and sale entered September 17, 2001, and substituting therefor provisions granting those branches of the cross motion; as so modified, the third order entered November 22, 2006 is affirmed insofar as appealed from and the matter is remitted to the Supreme Court, Queens County, for further proceedings; and it is further,

Ordered that one bill of costs is awarded to the appellant payable by the nonparty respondent Joseph Noormand.

While the Supreme Court correctly denied those branches of the motion and cross motion of the defendant 83-17 Broadway Corp. (hereinafter Broadway) which were to vacate the default judgments in both of the instant foreclosure actions as precluded by the law of the case doctrine (*see Hampton Val. Farms, Inc. v Flower & Medalie*, 40 AD3d 699, 701 [2007]), this Court is not bound by the doctrine and may consider those branches of the motion and cross motion on the merits (*see Mosher-Simons v County of Allegany*, 99 NY2d 214, 218 [2002]; *Meekins v Town of Riverhead*, 20 AD3d 399, 400 [2005]; *Detko v McDonald's Rests. of N.Y.*, 198 AD2d 208 [1993]). Contrary to Broadway's contention, the Supreme Court properly declined to vacate the judgment of foreclosure entered upon Broadway's default in action No. 1, as Broadway failed to demonstrate a reasonable excuse for its default and a meritorious defense (*see* CPLR 5015;

*Citicorp Mtge. v Rodelli*, 249 AD2d 736 [1998]). Although a foreclosure sale may be set aside when "fraud, collusion, mistake or misconduct casts suspicion on the fairness of the sale" (*Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d 400, 407 [1983]), under the circumstances of this case we are satisfied that the sale in the first foreclosure action was fair.

However, the default judgment in action No. 2 must be vacated, because no valid notice of pendency was filed at least 20 days prior to the entry of the final judgment (*see NYCTL 1999-1 Trust v Chalom*, 47 AD3d 779, 780 [2008]; *Wasserman v Harriman*, 234 AD2d 596, 598 [1996]; *Slutsky v Blooming Grove Inn*, 147 AD2d 208 [1989]).

Finally, we do not address the arguments raised by the defendant Demetra Sirica in her brief denominated as a "respondent's" brief. Since her brief contests the Supreme Court's denial of her individual motions, she cannot appear here as respondent (*see* CPLR 5511). If, as she claims, she was not served with a notice of entry of the orders at issue, she "may still timely file a notice of appeal" (*Nagin v Long Is. Sav. Bank*, 94 AD2d 710, [1983]).

The appeal from the first order entered November 22, 2006 must be dismissed as abandoned, as the appellant did not raise any arguments relating to that order in its brief (*see Andre v City of New York*, 47 AD3d 605, 606 [2008]). Rivera, J.P., Covello, Leventhal and Chambers, JJ., concur.