■ ELIGIO GUALANO et al., Appellants, v ABINGTON SQUARE CONDOMINIUM ASSOCIATION, Defendant. OXFORD HEALTH PLANS et al., Nonparty Respondents. [894 NYS2d 453]—

The injured plaintiff and his wife, suing derivatively, com-·menced this action against the defendant Abington Square Condominium (hereinafter Abington Square) to recover damages for personal injuries sustained as the result of an alleged slip-and-fall accident that occurred on March 23, 2003. At the time of the accident, the injured plaintiff was insured by Oxford Health Plans (hereinafter Oxford) and Oxford paid approximately $91,672.75 on his behalf for medical expenses allegedly related to the accident. The Oxford Health Plan (hereinafter the contract) entered into between Oxford and the injured plaintiff permitted Oxford to recover directly from the injured plaintiff "the reasonable value" of medical expenses it paid on behalf of the injured plaintiff relating to injuries caused by "the act of a third party" when there has been a settlement with the third party, provided that "the settlement . . . specifically identifies amounts paid for healthcare services."

The plaintiffs settled with Abington Square in the sum of "$650,000 inclusive of disbursements [and] liens." The plaintiffs and Abington Square also entered into a hold harmless agreement, in accordance with the settlement, that provided that it was the plaintiffs' "responsibility to satisfy any lien asserted against the settlement proceeds or arising from the settlement," and specifically pointed out that Oxford had asserted a right to reimbursement against the plaintiffs. The hold harmless agreement stated that the plaintiffs disputed Oxford's claims, but the plaintiffs agreed to hold the amount claimed by Oxford in trust.

The plaintiffs moved to extinguish the purported lien and/or claim asserted by Oxford and the Rawlings Company, LLC, which was the subrogation/reimbursement vendor for Oxford. An order entered December 7, 2007, denied the plaintiffs' motion and directed a hearing to determine, in effect, the amount of Oxford's claim. In an order entered November 6, 2008, after the hearing, the Supreme Court directed the plaintiffs to pay $91,672.75 to Oxford from the settlement proceeds that were held in trust. The plaintiffs appeal from both orders. We affirm.

The Supreme Court, in the order entered November 6, 2008, properly determined that the prior order entered December 7, 2007, denying, on the merits, the plaintiffs' motion to extinguish the purported lien and/or claim was the law of the case (*see Hampton Val. Farms, Inc. v Flower & Medalie*, 40 AD3d 699, 701 [2007]; *Brownrigg v New York City Hous. Auth.*, 29 AD3d 721, 722 [2006]). In any event, contrary to the plaintiffs' contention, Oxford was entitled to seek reimbursement from the settlement proceeds the defendant paid to the injured plaintiff for medical expenses Oxford paid on his behalf relating to injuries he sustained in the slip-and-fall accident. The hold harmless agreement, made in accordance with the settlement, and the representation of the plaintiffs' counsel that the settlement was inclusive of all liens and disbursements, which was made with the knowledge that Oxford was seeking recovery from the injured plaintiff, established that health care services were part of the settlement. In fact, the plaintiffs' verified complaint and bill of particulars specifically stated that the injured plaintiff was seeking damages for medical expenses he incurred, even though Oxford paid these expenses on his behalf (*see generally Teichman v Community Hosp. of W. Suffolk*, 87 NY2d 514, 523 [1996]).

Contrary to the plaintiffs' contention, the Supreme Court properly determined that the medical expenses Oxford paid on behalf of the injured plaintiff related to the injuries he sustained from the slip-and-fall accident at issue.

The plaintiffs' remaining contentions either have been rendered academic in light of our determination, or are without merit. Covello, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.