JOSEPH ROMAGNOLO, Respondent, et al., Plaintiff, v JASON PANDOLFINI et al., Respondents, and U.S. BANK PORTFOLIO SERVICES, Appellant, et al., Defendant. [906 NYS2d 76]—

In an action, inter alia, for a judgment declaring that certain obligations of the plaintiff Joseph Romagnolo pursuant to a guaranty and suretyship agreement dated November 19, 2001, are "null and void and of no force and effect," the defendant U.S. Bank Portfolio Services appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated May 11, 2009, which granted the motion of the plaintiff Joseph Romagnolo for summary judgment dismissing its counterclaims insofar as asserted against that plaintiff, granted the separate motion of the defendants Jason Pandolfini and Ron Pandolfini, Jr., for summary judgment dismissing its cross claims insofar as asserted against those defendants, and denied its cross motion for summary judgment on its counterclaims insofar as asserted against the plaintiff Joseph Romagnolo and its cross claims insofar as asserted against the defendants Jason Pandolfini and Ron Pandolfini, Jr.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On or about November 19, 2001, the plaintiff South Shore Imaging, Inc. (hereinafter South Shore), entered into a master equipment lease with the defendant DVI Financial Services, Inc. (hereinafter DVI). Pursuant thereto, South Shore agreed to pay for the subject equipment pursuant to an equipment schedule dated November 29, 2001 (hereinafter the first equipment schedule), in the amount of $929,806.80. The plaintiff Joseph

Romagnolo, the defendant Jason Pandolfini, and the defendant Ron Pandolfini, Jr. (hereinafter collectively the guarantors), separately executed "Guaranty and Suretyship" agreements, all dated November 19, 2001, wherein they separately guaranteed South Shore's performance under the first equipment schedule.

On or about March 20, 2003, South Shore entered into a second equipment schedule (hereinafter the second equipment schedule) in connection with the master equipment lease by which South Shore agreed to pay the increased amount of $1,097,367.60 for the subject equipment under lease.

After South Shore defaulted on its obligations under the second equipment schedule, South Shore and Romagnolo commenced the instant action against Jason Pandolfini, Ron Pandolfini, Jr., DVI, and U.S. Bank Portfolio Services (hereinafter USB), DVI's successor in interest. In its answer, USB asserted counterclaims against South Shore and Romagnolo to recover the sum of $902,065.98, which allegedly constituted the balance remaining under the master equipment lease and to enforce the guaranty and suretyship agreement which Romagnolo executed, as well as cross claims against Jason Pandolfini and Ron Pandolfini, Jr., to recover under the guaranty and suretyship agreements executed by them.

USB moved for summary judgment on its counterclaims and cross claims. In an order dated February 1, 2008, the Supreme Court granted that branch of USB's motion which was for summary judgment on its counterclaims insofar as asserted against South Shore and denied the remaining branches thereof insofar as asserted against the guarantors. In relevant part, the Supreme Court found that the second equipment schedule satisfied South Shore's obligations under the first equipment schedule and constituted a material alteration of the underlying obligation which the guarantors assumed under the guaranty and suretyship agreements, and therefore required the execution of new guaranties, which were never obtained. USB did not appeal from the order dated February 1, 2008. Instead, USB moved for leave to renew and reargue the denial of those branches of its motion which were for summary judgment on its counterclaims and cross claims against the guarantors. In a subsequent order dated May 20, 2008, the Supreme Court denied USB's motion for leave to renew and reargue, and no appeal was taken by USB.

Romagnolo then moved for summary judgment dismissing the counterclaims insofar as asserted against him. Jason Pandolfini and Ron Pandolfini, Jr., also moved for summary judgment dismissing the cross claims insofar as asserted against

them. USB cross-moved for summary judgment, arguing that newly-discovered evidence demonstrated its entitlement to summary judgment on its counterclaims against Romagnolo and its cross claims against Jason Pandolfini and Ron Pandolfini, Jr. The Supreme Court granted the guarantors' motions and denied USB's cross motion. We affirm.

The Supreme Court properly denied USB's cross motion for summary judgment on the ground that it was barred by the doctrine of "law of the case" (*see Gualano v Abington Sq. Condominium Assn.*, 69 AD3d 793, 795 [2010]; *Debcon Fin. Servs., Inc. v 83-17 Broadway Corp.*, 61 AD3d 712, 713 [2009]; *Hampton Val. Farms, Inc. v Flower & Medalie*, 40 AD3d 699, 701 [2007]). It is undisputed that USB previously moved for the same relief, which the Supreme Court denied on the merits in the order dated February 1, 2008. Although this Court is not bound by the law of the case doctrine and may consider USB's cross motion on the merits (*see Mosher-Simons v County of Allegany*, 99 NY2d 214, 218-219 [2002]; *Lehman v North Greenwich Landscaping, LLC*, 65 AD3d 1293, 1295 [2009]; *Debcon Fin. Servs., Inc. v 83-17 Broadway Corp.*, 61 AD3d at 713; *Hampton Val. Farms, Inc. v Flower & Medalie*, 40 AD3d at 701), USB's contentions are without merit (*see Mackler v Burke*, 2 AD3d 505 [2003]; *Varick Drywall v Aniero Concrete Co.*, 237 AD2d 348, 349 [1997]).

USB's remaining contentions are either without merit or not properly before this Court. Prudenti, P.J., Rivera, Santucci and Miller, JJ., concur.