Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered May 7, 2012, which granted the motion of the Superintendent of Financial Services of the State of New York, as Liquidator of Cosmopolitan Insurance Company, to restore the case to active status and, upon restoration, to disallow and dismiss the remaining claims of appellant Blackman Plumbing Supplies, Inc. in the liquidation proceeding, and to release the $6 million that was previously directed to be held in escrow for the payment of the claims, and denied the cross motion of Black-man for a declaration that the Liquidator must reimburse Black-man for any costs incurred in defending and settling the underlying asbestos actions, and indemnify Blackman for any liability on the asbestos claims, unanimously modified, on the law, to deny the motion of the Liquidator, and to remand for further proceedings consistent herewith, and otherwise affirmed, without costs.
The motion court erred in granting the motion of the Liquidator dismissing the remaining claims based on Blackman’s failure to produce the relevant general liability insurance policies. *428 In a prior order and judgment (one paper), entered on or about October 15, 2002, Supreme Court (Edward H. Lehner, J.) barred all claims by Blackman submitted after September 30, 2002. For the claims prior to that date, Supreme Court directed that the Liquidator create a reserve fund of $6 million, against which Blackman could submit claims. The fund was to cover the policy period between September 11, 1975 and October 17, 1980, and the record indicates that Blackman has, so far, successfully submitted claims that the Liquidator has paid. It was error for the motion court to abrogate the October 15, 2002 order and judgment by dismissing the remaining claims and releasing the fund (see e.g. KB Operating, LLC v Briggs, 58 AD3d 689, 692 [2d Dept 2009], lv denied 12 NY3d 705 [2009]).
Accordingly, we remand the matter for the adjudication of those individual remaining claims, insofar as the court is able to determine whether each claim is covered under the Cosmopolitan policies identified in the October 15, 2002 order and judgment. Concur — Tom, J.E, Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ. [Prior Case History: 2012 NY Slip Op 30386(U).]