■ HSBC Mortgage Corporation (USA), Respondent, v Celina Morocho, Appellant, et al., Defendants. [965 NYS2d 570]—

In an action to foreclose a mortgage, the defendant Celina Morocho appeals from an order of the Supreme Court, Queens County (McDonald, J.), dated May 24, 2011, which denied her motion, in effect, to vacate her default in appearing, and, thereupon, to dismiss the complaint insofar as asserted against her, inter alia, pursuant to CPLR 3211 (a).

Ordered that the order is affirmed, without costs or disbursements.

In December 2008, this action was commenced to foreclose a mortgage. The defendant mortgagor, Celina Morocho, failed to appear, and in May 2009, the Supreme Court issued a judgment of foreclosure and sale on her default. In December 2009, Morocho moved to vacate her default, alleging, inter alia, that she had never been served with the summons and complaint. In January 2010, the Supreme Court denied her motion, concluding, among other things, that her denial of service was conclusory and inadequate to entitle her to a hearing on the issue of service, and, therefore, she had failed to establish a reasonable excuse for her default. Morocho did not take an appeal from that order. In September 2010, Morocho moved, in effect, to vacate her default in appearing, and, thereupon, to dismiss the complaint insofar as asserted against her, inter alia, pursuant to CPLR 3211 (a). The Supreme Court denied her motion in an order dated May 24, 2011, and Morocho appeals from that order.

In order to vacate a judgment entered upon the default of the defendant, the defendant must show a reasonable excuse for the default and a potentially meritorious defense to the action (*see Wells Fargo Bank, N.A. v Russell*, 101 AD3d 860, 861 [2012]; *U.S. Bank N.A. v Stewart*, 97 AD3d 740, 740 [2012]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889 [2010]). Here, in support of her second motion, which was, in effect, to vacate her default in appearing, and, thereupon, to dismiss the complaint on various grounds, Morocho failed even to allege a reasonable excuse for her default, so her motion was properly denied (*see ACT Props., LLC v Garcia*, 102 AD3d 712, 713 [2013]; *Bank of N.Y. v Espejo*, 92 AD3d 707, 708 [2012]; *Debcon Fin. Servs., Inc. v 83-17 Broadway Corp.*, 61 AD3d 712, 713-714 [2009]; cf. *Hampton Val. Farms, Inc. v Flower & Medalie*, 40 AD3d 699, 701 [2007]). In light of Morocho's failure to take an appeal from the order denying her first motion, the propriety of the Supreme Court's determination of that motion is not before us on the appeal from the order denying the second motion. Moreover, in light of Morocho's failure to demonstrate a reasonable excuse for failing to timely appear in the action, it is unnecessary to evaluate whether her proffered defense was potentially meritorious (*see U.S. Bank N.A. v Stewart*, 97 AD3d at 740; *Tribeca Lending Corp. v Correa*, 92 AD3d 770, 771 [2012]). Skelos, J.P., Balkin, Cohen and Miller, JJ., concur. **[Prior Case History: 31 Misc 3d 1237(A), 2011 NY Slip Op 51023(U).]**