■ GREGORIA MAMANI, Appellant, et al., Plaintiff, v FRANK KIESLING, JR. et al, Defendants, and DAVID CARBALLIDO et al., Respondents. [985 NYS2d 678]—

In an action to recover damages for personal injuries, the plaintiff Gregoria Mamani appeals from so much an order of the Supreme Court, Queens County (Greco, J.), entered April 8, 2013, as granted that branch of the motion of the defendants David Carballido and Luis M. Rivera which was for summary judgment dismissing the complaint insofar as asserted by her against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants David Carballido and Luis M. Rivera which was for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Gregoria Mamani is denied.

The Supreme Court erred in concluding that the law of the case doctrine required it to grant that branch of the motion of the defendants David Carballido and Luis M. Rivera (hereinafter together the respondents) which was for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Gregoria Mamani. The prior order on which the court relied, which granted the motion of the respondents' codefendants for summary judgment dismissing the complaint insofar as asserted by Mamani against them, had been entered upon Mamani's default in opposing the motion. Thus, the issue of whether Mamani sustained a serious injury as a result of the subject accident had not been "resolved on the merits," and the court was not bound by the prior determination (*Hampton Val. Farms, Inc. v Flower & Medalie*, 40 AD3d 699, 701 [2007]; *see D'Amato v Access Mfg.*, 305 AD2d 447, 448 [2003]; *see also Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456-457 [1985]; *People v Evans*, 94 NY2d 499, 502-503 [2000]). In any event, under these circumstances, this Court is not bound by the law of the case doctrine, and may consider the motion on the merits (*see Debcon Fin. Servs., Inc. v 83-17 Broadway Corp.*, 61 AD3d 712, 713 [2009]; *Post v Post*, 141 AD2d 518, 519 [1988]).

Turning to the merits, the respondents failed to meet their prima facie burden of showing that Mamani did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the respondents failed to adequately address Mamani's claim, set forth in her bills of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Since the respondents did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by Mamani in opposition were sufficient to raise a triable issue of fact (*see id.*). Accordingly, the Supreme Court should have denied that branch of the respondents' motion which was for summary judgment dismissing the complaint insofar as asserted by Mamani against them. Skelos, J.P., Leventhal, Cohen and LaSalle, JJ., concur.