■ DEBCON FINANCIAL SERVICES, INC., Respondent, v 83-17 BROADWAY CORP. et al., Appellants, et al., Defendants. JOSEPH NOORMAND, Nonparty Respondent. [5 NYS3d 478]—

In an action to foreclose a mortgage, the defendant 83-17 Broadway Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), dated June 2, 2011, as denied that branch of its motion which was to rescind and vacate a judicial sale and referee's deed dated February 20, 2007, conveying the real property located at 35-27 31st Street in Astoria to nonparty Joseph Noormand, and to declare 83-17 Broadway Corp. to be the owner of that property, and the defendant Demetra Sirica separately appeals, as limited by her brief, from so much of the same order as denied that branch of her cross motion which was to vacate her prior default in serving a responsive pleading and grant her leave to appear, answer, and interpose a counterclaim.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of 83-17 Broadway Corp.'s motion which was to rescind and vacate the referee's deed dated February 20, 2007, conveying the real property located at 35-27 31st Street in Astoria to nonparty Joseph Noormand, and to declare 83-17 Broadway Corp. to be the owner of that property, and substituting therefor a provision holding that branch of the motion in abeyance pending a hearing in accordance herewith, and thereafter a new determination of nonparty Joseph Noormand's status as a bona fide purchaser of that property; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

In a prior appeal, this Court vacated a judgment of foreclosure and sale which had been entered upon the default of the defendant 83-17 Broadway Corp. (hereinafter Broadway), "because no valid notice of pendency was filed at least 20 days prior to the entry of the final judgment" (*Debcon Fin. Servs., Inc. v 83-17 Broadway Corp.*, 61 AD3d 712, 714 [2009]), and remitted the matter to the Supreme Court, Queens County, for further proceedings (*see id.*). Upon remittal, Broadway moved, among other things, to vacate the referee's deed transferring the real property located at 35-27 31st Street in Astoria (hereinafter the subject property) to nonparty Joseph Noormand, since, by this Court's order, the underlying judgment of foreclosure and sale had been vacated. However, while the prior appeal was pending, upon a motion by Noormand, inter alia, to

delay the closing pending determination of the prior appeal, the Supreme Court issued an order sua sponte finding Noormand to be a bona fide purchaser of the subject property.

In the order appealed from, the Supreme Court determined that, pursuant to the law-of-the-case doctrine, it was bound by the prior Supreme Court order to hold that Noormand was a bona fide purchaser of the subject property. On that ground, the Supreme Court concluded that, "[h]aving failed to obtain a stay pursuant to CPLR 5519 to prevent the property from being sold, Broadway [was] relegated to an action for money damages, and would not be able to recover the real property" (*see Matter of Vetri*, 208 AD2d 755 [1994]). However, since the parties had not litigated the sua sponte determination as to Noormand's status, application of the doctrine of law of the case was improper (*see People v Evans*, 94 NY2d 499, 502 [2000]; *Ramanathan v Aharon*, 109 AD3d 529, 530 [2013]). In any event, this Court is not bound by the Supreme Court's prior determination finding Noormand to be a bona fide purchaser and may reach the merits of that issue (*see Mosher-Simons v County of Allegany*, 99 NY2d 214, 218 [2002]; *Maragliano v Port Auth. of N.Y. & N.J.*, 119 AD3d 534, 536 [2014]; *Debcon Fin. Servs., Inc. v 83-17 Broadway Corp.*, 61 AD3d at 713; *Hampton Val. Farms, Inc. v Flower & Medalie*, 40 AD3d 699, 701 [2007]; *Meekins v Town of Riverhead*, 20 AD3d 399, 400 [2005]). We find that, in light of the numerous relevant questions of fact apparent in the record, Broadway must have the opportunity to submit any proof it might have in opposition to the finding that Noormand was a bona fide purchaser of the subject property (*see generally Jacobs v Mostow*, 23 AD3d 623, 624 [2005]; *Sena v Nationwide Mut. Fire Ins. Co.*, 198 AD2d 345, 346 [1993]). Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a hearing in which Broadway and Noormand can present evidence, and the court can determine, based on the credible evidence, whether Noormand was a bona fide purchaser of the subject property.

The Supreme Court properly denied that branch of the cross motion of the defendant Demetra Sirica which was to vacate her default on the ground that it was barred by the doctrine of law of the case. Sirica previously moved for the same relief, which was denied on the merits by the Supreme Court in an order entered November 22, 2006, and Sirica has not appealed from that order (*see Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P.*, 116 AD3d 667, 668-669 [2014]; *cf. Ramanathan v Aharon*, 109 AD3d 529, 530-531 [2013]). Although, pursuant to the doctrine of law of the case, this Court

is not bound by the order entered November 22, 2006, we decline to disturb the Supreme Court's invocation of that doctrine (*see e.g. Pastrana v Cutler*, 115 AD3d 725, 727 [2014]; *Romagnolo v Pandolfini*, 75 AD3d 632, 634 [2010]).

Broadway's remaining contentions have been rendered academic in light of our determination. Rivera, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.