■ ROBIN PASTRANA et al., Respondents, v HELAINE ATLAS CUTLER et al., Appellants. [983 NYS2d 33]—

In an action, inter alia, for a judgment declaring that the plaintiffs are entitled to inspect the books and records of Greencroft Condominium II, and for related injunctive relief, the defendants appeal from stated portions of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated April 17, 2012, which, among other things, granted those branches of the plaintiffs' third motion which were to compel the defendants, inter alia, to permit the plaintiffs to inspect the books and records of Greencroft Condominium II, pendente lite, and to retain an independent organization to conduct a new election for the position of members of the Board of Managers of Greencroft Condominium II.

Ordered that the order is affirmed insofar as appealed from, with costs.

Greencroft Condominium II (hereinafter Greencroft) is an unincorporated condominium association located in New Rochelle comprising 93 residential units. An elected Board of Managers of Greencroft (hereinafter the Board) manages the condominium complex pursuant to its by-laws. In October 2011, unit owners submitted a petition to the Board pursuant to the by-laws. The petition stated that 25% of the unit owners signed the petition, and it demanded a special meeting to be held within 30 days after receipt of the demand by the Board, for the purpose of removal of all of the current Board members and, if they were removed, for the election of new Board members.

In a letter dated November 21, 2011, the Board's attorney stated that the petition had been reviewed by both legal and accounting professionals, and had been found to be defective. In particular, counsel stated that the number of signatures deemed to be valid amounted to a number of unit owners possessing less than the 25% of the totality of the common interests that was necessary to call for a special meeting, as required by the by-laws.

Thereafter, the plaintiffs commenced this action against individual members of the Board and the Board itself, among others, seeking, inter alia, a declaratory judgment and injunctive relief. In an order dated January 23, 2012, the Supreme Court granted the plaintiffs' motion to compel the defendants to permit the plaintiffs to review Greencroft's books and records, pendente lite, and to compel the convening of a special meeting, "to the extent of permitting plaintiffs access to the books and records at a mutually agreeable time and place, but no later than February 23, 2012, and to schedule a new election to be conducted by an outside organization, as a sufficient number of unit holders have requested same." The defendants did not appeal from this order.

The defendants continued to prevent the plaintiffs from inspecting the books and records, and declined to call a special meeting. The plaintiffs made two additional motions after the Board failed to comply with the order dated January 23, 2012, in which the plaintiffs sought to compel the defendants to make Greencroft's books and records available for the plaintiffs' inspection, and to compel the convening of a special meeting on a date certain. In both their second and third motions, the plaintiffs sought, as a corollary to the relief requested, that they be permitted to be responsible for choosing the location of the special meeting, giving notice of the special meeting, circulating proxies in connection with the special meeting, and conducting the special meeting, and for retaining an independent organization to conduct the election to be held at the special meeting.

In an order dated April 17, 2012, the Supreme Court granted that branch of the plaintiffs' third motion which was to compel the convening of a special meeting and to compel the defendants to make Greencroft's books and records available for the plaintiffs' inspection. The order dated April 17, 2012, also directed, among other things, that the plaintiffs were to schedule the date of the special meeting, set the time and location of the special meeting, send out the notice of the special meeting with a proxy, and conduct the special meeting. The order dated April 17, 2012, further authorized the plaintiffs to retain Honest Ballot Association or Election Services Solution to collect the proxies, conduct the election, and certify the results thereof for immediate implementation. The defendants appeal from these portions of the order dated April 17, 2012.

The defendants contend that the directives in the order appealed from were in contravention of Greencroft's by-laws and, thus, should not be enforced. To the extent that the challenged directives had already been set forth in the order dated January 23, 2012, the Supreme Court properly determined that, pursuant to the doctrine of law of the case, it was appropriate to include them again in the order dated April 17, 2012. Although, pursuant to the law-of-the-case doctrine, this Court is not bound by the order dated January 23, 2012, we decline to disturb the Supreme Court's invocation of that doctrine (*see generally Romagnolo v Pandolfini*, 75 AD3d 632, 634 [2010]; *Cosenza v Malvin*, 158 AD2d 653, 654 [1990]). Although the order dated April 17, 2012, may have deviated somewhat from the strict letter of Greencroft's by-laws in permitting the plaintiffs to call for and conduct the special meeting, the Supreme Court acted appropriately pursuant to its inherent plenary power to enforce compliance with its prior orders and to fashion a remedy for the

proper administration of justice (*see generally Conforti v Goradia*, 234 AD2d 237 [1996]; *Cane v Herman*, 209 AD2d 368 [1994]). In light of this inherent plenary power, we also reject the defendants' contention addressed to that portion of the order dated April 17, 2012, authorizing the plaintiffs to retain Honest Ballot Association or Election Services Solution to collect the proxies and conduct the election. Mastro, J.P., Leventhal, Austin and Sgroi, JJ., concur.