■ EDUARDO MARAGLIANO, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents. (And a Third-Party Action.) [987 NYS2d 885]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Queens County (J. Golia, J.), entered March 6, 2012, as, upon renewal, in effect, vacated the determination in an order of the same court dated June 27, 2011, denying those branches of the motion of the defendant Port Authority of New York and New Jersey which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it, and thereupon granted those branches of the motion, and (2) so much of an order of the same court

entered October 3, 2012, as (a) denied the plaintiff's cross motion, denominated as one for leave to renew, but which was, in actuality, one for leave to reargue his opposition to the motion of the defendant Port Authority of New York and New Jersey which was for leave to renew its prior motion for summary judgment dismissing the complaint insofar as asserted against it, and (b) granted that branch of the motion of the defendant Zano Industries, Inc., which was for leave to renew its prior motion for summary judgment dismissing the complaint insofar as asserted against it, which had been denied in the order dated June 27, 2011, and, upon renewal, in effect, vacated the determination in the order dated June 27, 2011, denying those branches of the motion of the defendant Zano Industries, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it, and thereupon granted those branches of the motion.

Ordered that the order entered March 6, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from so much of the order entered October 3, 2012, as denied the plaintiff's cross motion, denominated as one for leave to renew, but which was, in actuality, one for leave to reargue his opposition to the motion of the defendant Port Authority of New York and New Jersey which was for leave to renew its prior motion for summary judgment dismissing the complaint insofar as asserted against it, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered October 3, 2012, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The defendant Port Authority of New York and New Jersey (hereinafter the Port Authority) established, prima facie, that at the time of the subject accident, the plaintiff was not engaged in construction work within the meaning of Labor Law § 240 (1) and was not working in a construction area within the meaning of Labor Law § 241 (6) (see *Jock v Fien*, 80 NY2d 965 [1992]; *Flores v ERC Holding LLC*, 87 AD3d 419, 420 [2011]; *Pirog v 5433 Preston Ct., LLC*, 78 AD3d 676, 677 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, contrary to the plaintiff's contention, upon renewal, the Supreme Court properly granted those branches of the Port Authority's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it.

Furthermore, the Supreme Court properly determined that, pursuant to the law-of-the-case doctrine, it was appropriate, upon renewal, to grant those branches of the motion of the defendant Zano Industries, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it (*see generally Pastrana v Cutler*, 115 AD3d 725 [2014]; *Romagnolo v Pandolfini*, 75 AD3d 632, 634 [2010]). Although, pursuant to the law-of-the-case doctrine, this Court is not bound by the Supreme Court's prior determination, under the circumstances presented here, we decline to disturb the Supreme Court's invocation of that doctrine (*see Pastrana v Cutler*, 115 AD3d 725 [2014]; *Romagnolo v Pandolfini*, 75 AD3d at 634).

The plaintiff's cross motion, denominated as one for leave to renew, did not offer any new facts not offered in support of the plaintiff's opposition to the Port Authority's motion which was for leave to renew its prior motion for summary judgment dismissing the complaint insofar as asserted against it. Therefore, his motion, although denominated as one for leave to renew, was, in actuality, one for leave to reargue, the denial of which is not appealable (*see Poulard v Judkins*, 102 AD3d 665, 665 [2013]; *Strunk v Revenge Cab Corp.*, 98 AD3d 1030, 1031 [2012]; *Schoenfeld v Shonfeld*, 266 AD2d 449 [1999]). Accordingly, the appeal from so much of the order entered October 3, 2012, as denied the plaintiff's cross motion must be dismissed.

The plaintiff's remaining contentions are without merit. Dickerson, J.P., Leventhal, Hall and Miller, JJ., concur. 