■ Donna M. Salvaggio, Appellant, v American Express Bank, FSB, et al., Respondents, et al., Defendants. [11 NYS3d 230]—

In an action, inter alia, to recover damages for a violation of General Business Law § 349 and fraud, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), dated May 9, 2012, as granted those branches of the motion of the defendants American Express Bank, FSB, and American Express Travel Related Services, Inc., which were for summary judgment dismissing the causes of action alleging a violation of General Business Law § 349 and fraud insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 2, 2005, the plaintiff borrowed the sum of $472,000 from the defendant American Express Bank, FSB, to finance her purchase of a house in Howard Beach, Queens. The loan was secured by a mortgage on the Howard Beach property. Over five years later, the plaintiff commenced this action against several parties, including American Express Bank, FSB, and American Express Travel Related Services, Inc. (here-

inafter together the American Express defendants), alleging that they violated General Business Law § 349 and committed fraud by allowing her to purchase and take title to the Howard Beach property without informing her that the house lacked a valid certificate of occupancy. The plaintiff also asserted identical claims against the defendants PNC Bank National Association and PNC Financial Services Group, Inc. (hereinafter together the PNC defendants), which hold a second mortgage on the property.

In an order dated October 31, 2011, the Supreme Court granted a motion by the PNC defendants to dismiss the complaint insofar as asserted against them, concluding, inter alia, that the cause of action to recover damages for a violation of General Business Law § 349 was time-barred by the three-year statute of limitations set forth in CPLR 214 (2), and that the plaintiff had failed to plead the material elements of a fraud cause of action. The American Express defendants subsequently moved for summary judgment dismissing the complaint insofar as asserted against them, similarly contending that the plaintiff's General Business Law § 349 claim was time-barred, and that the fraud claim was insufficiently pleaded. In the order appealed from, the Supreme Court granted the motion of the American Express defendants, relying in part on the law of the case doctrine to determine that the plaintiff's General Business Law § 349 claim was governed by a three-year statute of limitations rather than the six-year statute of limitations set forth in CPLR 213 (8), and that the plaintiff's fraud claim was not pleaded with the requisite degree of specificity.

Contrary to the plaintiff's contention, the Supreme Court properly relied upon the law of the case doctrine in determining that her General Business Law § 349 claim was governed by a three-year statute of limitations, and that her fraud claim was not pleaded with the requisite degree of specificity (see Maragliano v Port Auth. of N.Y. & N.J., 119 AD3d 534, 536 [2014]; Grossman v Team Care Home Care Agency, Inc., 14 AD3d 652, 652 [2005]). Although, pursuant to the law of the case doctrine, this Court is not bound by the Supreme Court's prior determination, we find no basis here to disturb the Supreme Court's invocation of that doctrine (see Certain Underwriters at Lloyd's London v North Shore Signature Homes, Inc., 125 AD3d 799 [2015]; Pastrana v Cutler, 115 AD3d 725, 727 [2014]; see also Gaidon v Guardian Life Ins. Co. of Am., 96 NY2d 201, 210 [2001]; Loiodice v BMW of N. Am., LLC, 125 AD3d 723, 726 [2015]; Brualdi v IBERIA, Lineas Aereas de España, S.A., 79 AD3d 959, 960-961 [2010]).

Further, the Supreme Court properly determined that the plaintiff's General Business Law § 349 claim accrued, insofar as asserted against the American Express defendants, on the date she closed on the purchase of the subject property, and not when she discovered the alleged deceptive act (*see Corsello v Verizon N.Y., Inc.*, 18 NY3d 777, 789 [2012]; *Gaidon v Guardian Life Ins. Co. of Am.*, 96 NY2d 201, 210 [2001]; *Loiodice v BMW of N. Am., LLC*, 125 AD3d 723, 726 [2015]; *Beller v William Penn Life Ins. Co. of N.Y.*, 8 AD3d 310, 314 [2004]). Since this action was commenced over five years after the date of closing, the plaintiff's General Business Law § 349 claim is time-barred by the applicable three-year statute of limitations.

Accordingly, the Supreme Court properly granted those branches of the motion of the American Express defendants which were for summary judgment dismissing the causes of action alleging a violation of General Business Law § 349 and fraud insofar as asserted against them.

The plaintiff's remaining contentions are either not properly before this Court or without merit. Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.