■ SEAN DILLER, an Infant, by His Mother and Natural Guardian, JENNIFER TRELLES, Appellant, v ANDREI MUNZER, M.D., et al., Defendants, and ST. LUKE'S CORNWALL HOSPITAL, Respondent. [34 NYS3d 610]—

In an action to recover damages for medical malpractice, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated September 11, 2014, as precluded him from asserting at trial a certain theory of liability and presenting related opinion testimony, and (2) from an order of the same court dated January 28, 2015, which, (a) in effect, denied that branch of his motion which was denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue his opposition to that branch of the motion of the defendant St. Luke's Cornwall Hospital which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the acts or omissions of any member of its nursing staff, and (b) denied that branch of his motion which was for leave to serve a second amended bill of particulars.

Ordered that the appeal from the order dated September 11, 2014, is dismissed; and it is further,

Ordered that the appeal from so much of the order dated January 28, 2015, as, in effect, denied that branch of the plaintiff's motion which was denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue is dismissed; and it is further,

Ordered that the order dated January 28, 2015, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant St. Luke's Cornwall Hospital.

The appeal from the order dated September 11, 2014 must be dismissed. So much of that order as precluded the plaintiff

from presenting opinion testimony at trial as to the care provided by any member of the nursing staff employed by the defendant St. Luke's Cornwall Hospital (hereinafter the hospital) is an evidentiary ruling. Such a ruling, even when made "in advance of trial on motion papers constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission" (*Cotgreave v Public Adm'r of Imperial County [Cal.]*, 91 AD2d 600, 601 [1982]; *see Leon Petroleum, LLC v Carl S. Levine & Assoc., P.C.*, 122 AD3d 686, 687-688 [2014]; *Curtis v Fishkill Allsport Fitness & Racquetball Club*, 2 AD3d 768, 768 [2003]; *Chateau Rive Corp. v Enclave Dev. Assoc.*, 283 AD2d 537 [2001]).

The appeal from so much of the order dated January 28, 2015, as, in effect, denied that branch of the plaintiff's motion which was denominated as one for leave to renew and reargue his opposition to that branch of the hospital's motion which was for summary judgment dismissing so much of the complaint as alleged that the hospital was vicariously liable for the acts or omissions of any member of its nursing staff also must be dismissed (*see Maragliano v Port Auth. of N.Y. & N.J.*, 119 AD3d 534, 536 [2014]; *Poulard v Judkins*, 102 AD3d 665, 665-666 [2013]). Although this branch of the plaintiff's motion was denominated as one for leave to renew and reargue, it was, in actuality, one for leave to reargue, the denial of which is not appealable (*see Maragliano v Port Auth. of N.Y. & N.J.*, 119 AD3d at 536; *Poulard v Judkins*, 102 AD3d at 665-666).

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying that branch of his motion which was for leave to serve a second amended bill of particulars (*see Balcom v Reither*, 77 AD3d 863, 864 [2010]; *Sampson v Contillo*, 55 AD3d 591, 592 [2008]).

We do not consider the plaintiff's contentions with respect to that branch of the hospital's motion which was for summary judgment dismissing so much of the complaint as alleged that the hospital was vicariously liable for the acts or omissions of any member of its nursing staff, as the order dated September 11, 2014 did not grant that branch of the hospital's motion (*see Scalise v Adler*, 267 AD2d 295, 295 [1999]; *Rockland Props. Corp. v Town of Brookhaven*, 205 AD2d 518, 519 [1994]). Mastro, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.