Gerendash v City of New York (2018 NY Slip Op 05142)





Gerendash v City of New York


2018 NY Slip Op 05142


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-12603
 (Index No. 21785/12)

[*1]Tamar Gerendash, et al., appellants, 
v
City of New York, et al., defendants, Kings County Public Administrator, etc., respondent.


Lester B. Herzog, Brooklyn, NY, for appellants.
Penino & Moynihan, LLP, White Plains, NY (Henry L. Liao of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated November 2, 2017. The order, insofar as appealed from, granted the motion of the defendant Kings County Public Administrator for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 25, 2012, the plaintiff Tamar Gerendash (hereinafter the injured plaintiff) allegedly tripped and fell on an uneven sidewalk abutting real property owned by the defendants Diane Costello and Costello's now deceased mother, Giovanna Barra (hereinafter the decedent), whose estate is represented by the defendant Kings County Public Administrator (hereinafter KCPA). In June 2015, Costello moved for summary judgment dismissing the complaint insofar as asserted against her, contending, inter alia, that she was exempt from the liability imposed upon certain landowners pursuant to Administrative Code of the City of New York § 7-210(b). In an order dated February 19, 2016, the Supreme Court granted Costello's motion. This Court, in a companion appeal, is affirming the order dated February 19, 2016 (see Gerendash v City of New York, ___ AD3d ___ [Appellate Division Docket No. 2016-06273; decided herewith]). Subsequent to the issuance of the order dated February 19, 2016, KCPA moved for summary judgment dismissing the complaint insofar as asserted against it on the same ground. The Supreme Court granted the motion based on the law of the case doctrine, and the plaintiffs appeal.
Contrary to the plaintiffs' contentions, the Supreme Court properly determined that, pursuant to the law of the case doctrine, it was appropriate to grant KCPA's motion for summary judgment dismissing the complaint insofar as asserted against it (see Salvaggio v American Express Bank, FSB, 129 AD3d 816, 817; Maragliano v Port Auth. of N.Y. & N.J., 119 AD3d 534, 536; Romagnolo v Pandolfini, 75 AD3d 632, 634). Although this Court is not bound by the Supreme Court's prior determination pursuant to law of the case doctrine, under the circumstances presented here, we find no basis to disturb the court's invocation of that doctrine (see Maragliano v Port Auth. of N.Y. & N.J., 119 AD3d at 536; Romagnolo v Pandolfini, 75 AD3d at 634).
The plaintiffs' remaining contentions are without merit.
MASTRO, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court