Odierna v RSK, LLC (2019 NY Slip Op 02531)





Odierna v RSK, LLC


2019 NY Slip Op 02531


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2016-09372
2016-09687
 (Index No. 603838/14)

[*1]John Odierna, etc., et al., appellants,
v
RSK, LLC, et al., respondents, et al., defendant.


Brody, O'Connor & O'Connor, New York, NY (Scott A. Brody of counsel), for appellants.
Sichenzia Ross Ference Kesner LLP, New York, NY (Daniel Scott Furst of counsel), for respondents RSK, LLC, and John S. McNierney.
McCarter & English, LLP, New York, NY (Penelope M. Taylor of counsel), for respondent Met Life Insurance Company of Connecticut.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and violations of Insurance Law §§ 2123 and 4226, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered November 23, 2015, and (2) an order of the same court entered July 27, 2016. The order entered November 23, 2015, insofar as appealed from, granted that branch of the motion of the defendants RSK, LLC, and John S. McNierney which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. The order entered July 27, 2016, granted the motion of the defendant Met Life Insurance Company of Connecticut for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order entered November 23, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that the order entered July 27, 2016, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The plaintiff Nadine Malone established The Nadine Malone Irrevocable Trust of 1998 (hereinafter the trust), of which her son, the plaintiff John Odierna, is the trustee. The defendant Walter J. Lundon was the trustee of the trust until July 29, 2013. In March 1998, the trust purchased two whole life insurance policies issued by Guardian Life Insurance Company of America, each of which insured the life of Malone in the face amount of $5 million (hereinafter the Guardian policies). The Guardian policies were procured through a life insurance broker, the defendant John S. McNierney, president of the defendant RSK, LLC (hereinafter RSK). After consulting with McNierney, the trust, in February 2006, replaced the Guardian policies with a universal life insurance policy issued by Travelers Life & Annuity (hereinafter Travelers), insuring [*2]the life of Malone in the face amount of $8 million (hereinafter the Met Life policy). Thereafter, in September 2011, the trust obtained a loan in the amount of $650,000 from the Met Life policy. In or about March 2013, Lundon, the then trustee of the trust, authorized a partial surrender of the cash value of the Met Life policy in order to pay the outstanding balance due on the loan.
In July 2014, the plaintiffs commenced this action against Lundon, RSK, McNierney, and the defendant Met Life Insurance Company of Connecticut (hereinafter Met Life), Travelers' corporate successor. In an amended complaint, the plaintiffs asserted five causes of action, sounding in fraud and violations of Insurance Law §§ 2123 and 4226. The gravamen of the plaintiffs' amended complaint was that McNierney induced the trust to replace the Guardian policies with the "inferior" Met Life policy by misrepresenting that "there would be no further premium charges . . . during the remainder of [Malone's] lifetime." The amended complaint also alleged that the Met Life policy was improperly designated a modified endowment contract (hereinafter MEC), and that neither Malone nor Odierna authorized "the partial surrender transaction."
McNierney and RSK moved, inter alia, pursuant to CPLR 3211(a)(1), (3), (5), and (7) to dismiss the amended complaint insofar as asserted against them. In an order entered November 23, 2015, the Supreme Court, among other things, granted that branch of the motion. Met Life subsequently moved for summary judgment dismissing the amended complaint insofar as asserted against it based upon the law of the case doctrine. In an order entered July 27, 2016, the court granted Met Life's motion. The plaintiffs appeal from both orders.
"[A] fraud-based action must be commenced within six years of the fraud or within two years from the time the plaintiff[s] discovered the fraud or could with reasonable diligence have discovered it'" (Sargiss v Magarelli, 12 NY3d 527, 532, quoting CPLR 213[8]; see Williams-Guillaume v Bank of Am., N.A., 130 AD3d 1016, 1017). A cause of action to recover damages for violations of Insurance Law §§ 2123 and 4226 is governed by a three-year statute of limitations (see CPLR 214[2]; Pike v New York Life Ins. Co., 72 AD3d 1043, 1047; Dolce v Northwestern Mut. Life Ins. Co., 272 AD2d 432). The plaintiffs commenced this action in July 2014—more than eight years after the trust was allegedly induced to replace the Guardian policies with the Met Life policy. We agree with the Supreme Court's determination that all of the causes of action premised on the purchase of the Met Life policy in 2006 were time-barred (see Celestin v Simpson, 153 AD3d 656, 657; Pike v New York Life Ins. Co., 72 AD3d at 1047). In addition, McNierney and RSK established, prima facie, that the time within which to commence a cause of action based on the alleged wrongful designation of the Met Life policy as a MEC had expired (see Marasa v Andrews, 69 AD3d 584, 584; Wider v Omni Tit. Agency, Inc., 18 AD3d 868, 868). RSK and McNierney demonstrated through documentary evidence that the trust had knowledge that the Met Life policy was a MEC as early as May 2006. In opposition, the plaintiffs failed to raise a question of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled, or as to whether the causes of action were interposed within the applicable limitations period (see County of Suffolk v Suburban Hous. Dev. & Research, Inc., 160 AD3d 607, 611; Celestin v Simpson, 153 AD3d at 657).
The Supreme Court determined that the amended complaint, as amplified by the affidavit of Malone, failed to state a cause of action upon which relief could be granted based on the "partial surrender transaction." On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every possible favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable theory (see Leon v Martinez, 84 NY2d 83, 87; Stone v Bloomberg L.P., 163 AD3d 1028, 1030). Where evidentiary material is submitted and considered, and the motion is not converted into a motion for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and it cannot be said that a significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
The evidentiary material submitted by RSK and McNierney in support of their motion [*3]demonstrated that in March 2013, Lundon, the then trustee of the trust, authorized the challenged transaction, and that Odierna was not appointed trustee until August 2013. Although Malone alleged in her affidavit that McNierney failed to disclose to her that the transaction would result in "substantial penalties" and would reduce the death benefit age to 82, the plaintiffs, on appeal, do not challenge the court's determination that Malone lacked standing to sue (see Pike v New York Life Ins. Co., 72 AD3d at 1049; Berardino v Ochlan, 2 AD3d 556, 557).
Furthermore, contrary to the plaintiffs' conclusory contention, there are no allegations that can be gleaned from the amended complaint, as amplified by Malone's affidavit, that state a cause of action to recover damages for breach of contract. Moreover, although the plaintiffs argue that the motion of RSK and McNierney was premature, they failed to make a showing that "facts essential to justify opposition to the motion to dismiss would be uncovered through disclosure" (Gabrielli Truck Sales v Reali, 258 AD2d 437, 438).
Finally, for the reasons stated herein, we agree with the Supreme Court's determination that, pursuant to the law of the case doctrine, it was appropriate to grant Met Life's motion for summary judgment dismissing the amended complaint insofar as asserted against it (see Gerendash v City of New York, 163 AD3d 635, 636; Salvaggio v American Express Bank, FSB, 129 AD3d 816, 817). Although this Court is not bound by the Supreme Court's prior determination pursuant to the law of the case doctrine, under the circumstances presented here, no basis exists to disturb the court's invocation of that doctrine (see Maragliano v Port Auth. of N.Y. & N.J., 119 AD3d 534, 536; Romagnolo v Pandolfini, 75 AD3d 632, 634).
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court