McKee v McKee (2019 NY Slip Op 02699)





McKee v McKee


2019 NY Slip Op 02699


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-05187
 (Index No. 611228/16)

[*1]Jesse McKee, appellant, 
v
Christina McKee, et al., defendants, Suffolk County National Bank, etc., respondent.


Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Cynthia S. Butera of counsel), for appellant.
Smith, Finkelstein, Lundberg, Isler & Yakaboski, LLP, Riverhead, NY (Daniel P. Barker and Christopher B. Abbott of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for conversion, aiding and abetting fraud, and violation of Banking Law § 676, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), entered May 11, 2017. The order granted the motion of the defendant Suffolk County National Bank pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action alleging that on August 14, 2013, his mother, the defendant Christina McKee, fraudulently and without his authorization, withdrew from the defendant Suffolk County National Bank (hereinafter the bank) funds belonging to the plaintiff that had been deposited in the bank pursuant to a 2007 infant's compromise order. In addition to alleging various causes of action against his mother and his father, the defendant Christopher McKee, the plaintiff asserted causes of action against the bank for conversion, wrongful diversion of funds, aiding and abetting fraud, negligence/gross negligence/bad faith, violation of Banking Law § 676, and breach of fiduciary duty. The bank moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. In support, the bank submitted two affidavits from bank employees, a notarized withdrawal slip signed by the plaintiff, a notarized letter signed by the plaintiff authorizing the withdrawal of funds by his mother, and a copy of the plaintiff's driver license. According to the bank, the evidence conclusively demonstrated that the plaintiff expressly authorized the transaction, and thus, does not have a cause of action against the bank. In an order dated March 30, 2017, the Supreme Court granted the bank's motion to dismiss the complaint insofar as asserted against it. The plaintiff appeals.
"On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Shah v Exxis, Inc., 138 AD3d 970, 971; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 87-88). Moreover, "[w]here evidentiary [*2]material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
Here, the bank established its entitlement to dismissal of the complaint insofar as asserted against it pursuant to CPLR 3211(a). The evidentiary material submitted on the motion conclusively established that the plaintiff's allegation that he did not authorize the subject transaction was simply not a fact at all and that there is no genuine dispute as to the plaintiff's authorization of the subject transaction. Thus, the plaintiff has no viable cause of action against the bank (see Odierna v RSK, LLC, ___ AD3d ___, 2019 NY Slip Op 02531 [2d Dept 2019]). Accordingly, we agree with the Supreme Court's determination granting the bank's motion.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court