Brito v New York City Hous. Auth. (2020 NY Slip Op 07533)





Brito v New York City Hous. Auth.


2020 NY Slip Op 07533


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
PAUL WOOTEN, JJ.


2019-01988 
2019-10517
 (Index No. 2127/16)

[*1]Urbana Brito, appellant, 
v
New York City Housing Authority, respondent.


Stuart Rissoff (Miller & Miller, Brooklyn, NY [Andrew R. Miller], of counsel), for appellant.
Herzfeld & Rubin, P.C., New York, NY (Miriam Skolnik and Sharyn Rootenberg of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated December 27, 2018, and (2) an order of the same court dated May 29, 2019. The order dated December 27, 2018, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint. The order dated May 29, 2019, denied the plaintiff's motion, denominated as one for leave to renew and/or reargue, but which was, in actuality, one for leave to reargue her opposition to the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order dated December 27, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from the order dated May 29, 2019, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff commenced this action against the defendant to recover damages for personal injuries she allegedly sustained on January 26, 2015, at approximately 3:15 p.m., when she slipped and fell on ice underneath an accumulation of snow on a walkway within the defendant's
premises in Kings County. Snow began to fall in the morning hours, and snow was still falling at the time of the accident.
In an order dated December 27, 2018, the Supreme Court, among other things, granted the defendant's motion for summary judgment dismissing the complaint on the ground that the storm in progress rule applied. Subsequently, in an order dated May 29, 2019, the court denied the plaintiff's motion, denominated as one for leave to renew and/or reargue, but which was, in actuality, one for leave to reargue her opposition to the defendant's motion for summary judgment dismissing the complaint. The plaintiff appeals from both orders.
"A defendant moving for summary judgment in an action predicated upon the presence of snow or ice has the burden of establishing, prima facie, that it neither created the snow or ice condition that allegedly caused the plaintiff to fall nor had actual or constructive notice of that condition" (Ryan v Beacon Hill Estates Coop., Inc., 170 AD3d 1215, 1215). This burden may be [*2]satisfied by "presenting evidence that there was a storm in progress when the injured plaintiff allegedly slipped and fell" (Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 839-840). "Under the so-called 'storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Marchese v Skenderi, 51 AD3d 642, 642; see Acocal v City of Yonkers, 179 AD3d 630; Allen v New York City Tr. Auth., 172 AD3d 1285, 1286).
Here, in support of its motion, the defendant submitted, inter alia, the transcripts of the plaintiff's testimony at a hearing pursuant to General Municipal Law § 50-h and her deposition testimony, which demonstrated, prima facie, that a storm was in progress at the time of the accident (see Campanella v St. John's Univ., 176 AD3d 913; Allen v New York City Tr. Auth., 172 AD3d at 1286; Ryan v Beacon Hill Estates Coop., Inc., 170 AD3d at 1216; Pankratov v 2935 OP, LLC, 160 AD3d 757, 758). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the accident was caused by ice that existed prior to the storm, as opposed to precipitation from the storm in progress, and whether the defendant had constructive notice of the alleged preexisting condition (see Campanella v St. John's Univ., 176 AD3d at 913; Ryan v Beacon Hill Estates Coop., Inc., 170 AD3d at 1216; Amato v Brookhaven Professional Park L.P., 162 AD3d 620; Pankratov v 2935 OP, LLC, 160 AD3d at 758). Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint.
The plaintiff's subsequent motion, denominated as one for leave to renew and/or reargue, did not offer any new facts not offered in support of her opposition to the defendant's motion for summary judgment dismissing the complaint. Therefore, the plaintiff's motion, although denominated as one for leave to renew and/or reargue, was, in actuality, one for leave to reargue, the denial of which is not appealable (see Diller v Munzer, 141 AD3d 630, 631; Maragliano v Port Auth. of N.Y. & N.J., 119 AD3d 534, 536). Accordingly, the appeal from the order dated May 29, 2019, which denied the plaintiff's motion must be dismissed.
BALKIN, J.P., LEVENTHAL, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court