HSBC Bank USA, N.A. v Nieves (2021 NY Slip Op 05959)





HSBC Bank USA, N.A. v Nieves


2021 NY Slip Op 05959


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
COLLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-03612
 (Index No. 12054/08)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Anibal Nieves, et al., appellants.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellants.
Leopold & Associates, PLLC (Greenberg Traurig, LLP, New York, NY [Marissa Banez], of counsel), for respondent.
In an action to foreclose a mortgage, the defendants appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 5, 2017. The order (1) denied that branch of the defendants' motion which was denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue their prior motion to vacate an order and judgment of foreclosure and sale (one paper) entered December 4, 2012, which had been denied in an order of the same court entered October 5, 2016, and (2) denied that branch of the defendants' motion which was to vacate the foreclosure sale.



DECISION & ORDER
Motion by the respondent to dismiss the appeal on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated December 11, 2018, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal from so much of the order entered December 5, 2017, as denied that branch of the defendants' motion which was denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue their prior motion to vacate the order and judgment of foreclosure and sale entered December 4, 2012, is granted, and the motion is otherwise denied; and it is further,
ORDERED that the appeal from so much of the order entered December 5, 2017, as denied that branch of the defendants' motion which was denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue their prior motion to vacate the order and judgment of foreclosure and sale entered December 4, 2012, is dismissed; and it is further,
ORDERED that the order entered December 5, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from so much of the order entered December 5, 2017, as denied that branch of the defendants' motion which was denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue must be dismissed, as no appeal lies from the denial of reargument (see Brito v New York City Hous. Auth., 189 AD3d 1155, 1157; Diller v Munzer, 141 AD3d 630, 631; Maragliano v Port Auth. of N.Y. & N.J., 119 AD3d 534, 536).
The defendants failed to set forth grounds to vacate the foreclosure sale (see CPLR 2003; see also Deutsche Bank Natl. Trust Co. v Khan, 189 AD3d 1538, 1539; NYCTL 1998-2 Trust v Chinese Am. Trading Co., Inc., 189 AD3d 1437, 1438).
HINDS-RADIX, J.P., DUFFY, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court