B. E. M. v Warwick Val. Cent. Sch. Dist. (2022 NY Slip Op 02992)





B. E. M. v Warwick Val. Cent. Sch. Dist.


2022 NY Slip Op 02992


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2019-01025
 (Index No. 9243/06)

[*1]B. E. M., etc., et al., appellants, 
v
Warwick Valley Central School District, et al., respondents.


Jonathan Rice (Kenneth J. Gorman, New York, NY, of counsel), for appellants.
Henderson & Brennan, White Plains, NY (Brian C. Henderson of counsel), for respondents Warwick Valley Central School District, Warwick Valley High School, and Gregory Sirico.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (David Bloom of counsel), for respondent Wayne Rossi.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiffs appeal from an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated November 21, 2018. The order, insofar as appealed from, (1) denied that branch of the plaintiffs' motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue (a) that branch of their prior motion which was for leave to serve and file second and proposed third supplemental and amended bills of particulars, which had been denied, in part, in an order of the same court dated February 21, 2017, and (b) their opposition to those branches of the prior cross motions of the defendants Warwick Valley Central School District, Warwick Valley High School, and Gregory Sirico, and the defendant Wayne Rossi which were to impose sanctions against the plaintiffs and/or their counsel, which had been granted in the order dated February 21, 2017, and (2) denied that branch of the plaintiffs' motion which was, in effect, to vacate so much of the order dated February 21, 2017, as, upon imposing a monetary sanction in the sum of $2,500 against the plaintiffs and/or their counsel, directed the plaintiffs and/or their counsel to pay the sanction to the defendants.
ORDERED that the appeal from so much of the order dated November 21, 2018, as denied that branch of the plaintiffs' motion which was denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue, is dismissed, without costs or disbursements; and it is further,
ORDERED that the order dated November 21, 2018, is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was, in effect, to vacate so much of the order dated February 21, 2017, as directed the plaintiffs and/or their counsel to pay the monetary sanction imposed in the sum of $2,500 to the defendants, and substituting therefor a provision granting that branch of the motion and directing that payment must be made to the Lawyers' Fund for Client Protection; as so modified, the order dated November 21, 2018, is affirmed insofar as reviewed, without costs or disbursements.
Initially, that branch of the plaintiffs' motion, denominated as one for leave to renew and reargue, did not offer any new facts in support of that branch of the plaintiffs' prior motion which was for leave to serve and file second and proposed third supplemental and amended bills of particulars or in opposition to those branches of the prior cross motions of the defendants Warwick Valley Central School District, Warwick Valley High School, and Gregory Sirico, and the defendant Wayne Rossi which were to impose sanctions against the plaintiffs and/or their counsel (see M. v Warwick Valley Cent. Sch. Dist., ___ AD3d ___ [Appellate Division Docket No. 2017-04515; decided herewith]). Therefore, that branch of the plaintiffs' motion, although denominated as one for leave to renew and reargue, was, in actuality, one for leave to reargue, the denial of which is not appealable (see Brito v New York City Hous. Auth., 189 AD3d 1155).
The sanction imposed was not authorized by law. 22 NYCRR 130-1.3 authorizes the payment of a financial sanction into the Lawyers' Fund for Client Protection, not the direct payment to litigants or their counsel. Accordingly, the order dated February 21, 2017, must be vacated to the extent that it directed the plaintiffs and/or their counsel to pay the sanction directly to the defendants, and the plaintiffs' counsel is directed to pay the sanction into the Lawyers' Fund for Client Protection (see Matter of Nathan F.T. [Nathan H.], 110 AD3d 820).
DUFFY, J.P., MILLER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court