24-2519-cv
*Koenigsberg et al. v. Bd. of Trs. of Columbia Univ.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand twenty-five.

PRESENT:     REENA RAGGI,
             STEVEN J. MENASHI,
             SARAH A. L. MERRIAM,
                  *Circuit Judges*.

_____

ALEXANDRA KOENIGSBERG, individually
and on behalf of all others similarly
situated; MAXWELL KOENIGSBERG,
individually and on behalf of all others similarly
situated; OLGA STAMBLER, individually and
on behalf of all others similarly situated,

　　　*Plaintiffs-Appellants*,

　　　　　　v.                                                    24-2519-cv

THE BOARD OF TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK,

*Defendant-Appellee.**

_____

FOR PLAINTIFFS-APPELLANTS: MATTHEW HEFFNER (Matthew Hurst, *on the brief*), Heffner Hurst, Chicago, IL.

FOR DEFENDANT-APPELLEE: MAURA MONAGHAN (Kristen D. Kiehn, *on the brief*), Debevoise & Plimpton LLP, New York, NY.

Appeal from a post-judgment order of the United States District Court for the Southern District of New York (Gardephe, *J.*).[1]

**UPON DUE CONSIDERATION,** the August 20, 2024, order of the District Court is **AFFIRMED**.

Plaintiffs-Appellants Alexandra Koenigsberg, Maxwell Koenigsberg, and Olga Stambler ("Appellants") appeal from an order of the District Court denying their motion for reconsideration of its March 25, 2025, dismissal of their original complaint, and denying their post-judgment motion for leave to file an amended complaint.

Appellants are two former high school students who unsuccessfully applied for undergraduate admission to Columbia University as a "reach school" in 2018, and their

---

* The Clerk's Office is respectfully directed to amend the caption as reflected above.

[1] Appellants' notice of appeal states that they appeal from both the final judgment and the denial of their post-judgment motion. Their brief, however, challenges only the denial of that motion. *See* Appellants' Br. at 15. They have thus forfeited any other challenges. *See Tripathy v. McKoy*, 103 F.4th 106, 118 (2d Cir. 2024) ("It is . . . settled that an appellant forfeits any argument not raised in his opening brief.").

mother, who paid for their applications. Appellants' Br. at 6-7. Appellants brought this putative class action against defendant-appellee the Board of Trustees of Columbia University in the City of New York ("Columbia") alleging that Columbia knowingly reported inaccurate information to U.S. News and World Report ("USNWR"), leading USNWR to rank it as a "top five" university. Appellants allege that, had Columbia reported accurate information, it would have been ranked lower, and as a result they and others would not have applied, saving them each the $85.00 application fee. Appellants brought claims alleging deceptive practices under New York General Business Law ("GBL") §349 and §350 and unjust enrichment, seeking to certify a class of all applicants denied undergraduate admission to Columbia since 2011.

The District Court dismissed the GBL claims as time-barred under the relevant statute of limitations and dismissed the unjust enrichment claim as duplicative of the GBL claims. It thereafter denied Appellants' motion for reconsideration and relief from judgment, which sought leave to file an amended complaint. Appellants challenge only the District Court's post-judgment order concluding that their proposed amended complaint – like the original complaint – failed to state a claim because all claims asserted therein were barred by the applicable statutes of limitations, and equitable tolling did not apply. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

I.      **Standard of Review**

We ordinarily review *de novo* the denial of a motion for leave to amend on the basis of futility. *See Olson v. Major League Baseball*, 29 F.4th 59, 71-72 (2d Cir. 2022).

3

"Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In general, when evaluating whether a proposed amended complaint would state a claim, we consider the proposed amendments along with the remainder of the complaint." *Id.* at 72 (citations and quotation marks omitted).

However, "[a] party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). "We review the district court's denial of a post-judgment motion for leave to replead for abuse of discretion." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (citations and quotation marks omitted). "A district court abuses its discretion when it bases its ruling on an incorrect legal standard or a clearly erroneous assessment of the facts." *Id.* (citations and quotation marks omitted).

## II.  Statute of Limitations – GBL Claims

Appellants principally argue that the District Court should have applied equitable estoppel to toll the statute of limitations so that their action would be timely. Because Appellants "allege[ ] state law claims, [this court] look[s] to New York state cases" for the equitable tolling or estoppel law. *Koral v. Saunders*, 36 F.4th 400, 409 (2d Cir. 2022). Claims brought pursuant to GBL §349 and §350 are subject to a three-year statute of limitations. *See* N.Y. C.P.L.R. §214(2). Accrual of a cause of action under these sections "turns upon when [Appellants'] respective injuries occurred as a result of the alleged statutory violations." *Gaidon v. Guardian Life Ins. Co. of Am.*, 96 N.Y.2d 201, 210

4

(2001). Thus, Appellants' claims accrued on the date they paid their application fees based on Columbia's alleged misrepresentations, "and not when [they] discovered the alleged deceptive act." *Salvaggio v Am. Exp. Bank, FSB*, 11 N.Y.S.3d 230, 231-32 (App. Div. 2d Dep't 2015). Appellants paid their application fees to Columbia in late 2018. Barring tolling, the limitations period expired in 2021, but the Complaint was not filed until February 7, 2023.

Under New York law, "equitable estoppel" may toll the time to file a complaint in two circumstances: "[1] where the defendant conceals from the plaintiff the fact that he has a cause of action [or] [2] where the plaintiff is aware of his cause of action, but the defendant induces him to forego suit until after the period of limitations has expired." *Koral*, 36 F.4th at 409-10 (citations and quotation marks omitted). Where, as here, the claim of equitable estoppel is brought under the first theory, a plaintiff must allege "[1] that the defendant made an actual misrepresentation or, if a fiduciary, concealed facts which he was required to disclose, [2] that the plaintiff relied on the misrepresentation and [3] that the reliance caused plaintiff to delay bringing timely action." *Id.* at 410 (citation and quotation marks omitted).

The limitations period may be tolled in such circumstances to ensure that "[a] defendant/wrongdoer cannot take affirmative steps to prevent a plaintiff from bringing a claim and then assert the statute of limitations as a defense. . . . It is therefore fundamental to the application of equitable estoppel for plaintiffs to establish that *subsequent* and specific actions by defendants somehow kept them from timely bringing suit." *Zumpano v. Quinn*, 6 N.Y.3d 666, 674 (2006) (emphasis added). Accordingly,

5

"equitable estoppel does not apply where the misrepresentation or act of concealment underlying the estoppel claim is the same act which forms the basis of plaintiff's underlying cause of action." *Kaufman v. Cohen*, 760 N.Y.S.2d 157, 167 (App. Div. 1st Dep't 2003). Rather, "the later fraudulent misrepresentation must be for the purpose of concealing the former tort." *Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 491 (2007).

The District Court did not abuse its discretion by denying Appellants' post-judgment motion to file an amended complaint, or, more specifically, by finding that the proposed amendments were futile because equitable estoppel was not available, under New York law, to toll the limitations period. As the District Court concluded, "Plaintiffs rely on Columbia's alleged misrepresentations to U.S. News both as the basis for their GBL claims and as the basis for their equitable tolling argument." App'x at 129. Thus, Columbia's alleged actions are not separate and subsequent acts of wrongdoing but rather form part of the very conduct underlying the substantive claims of the complaint. *See Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 789 (2012) ("Plaintiffs here have not alleged an act of deception, separate from the ones for which they sue, on which an equitable estoppel could be based."). As a result, equitable estoppel does not apply. *See Kaufman*, 760 N.Y.S.2d at 167. And even assuming Columbia's alleged misrepresentations to USNWR for later academic years constituted separate and subsequent acts of wrongdoing, "nothing in the record indicates that" any such later misrepresentations were meant "to induce plaintiffs to forbear from filing suit." *Ross*, 8 N.Y.3d at 492. Therefore, again, equitable estoppel does not apply.

6

Appellants also contend that equitable estoppel should apply because Columbia's conduct was "self-concealing."  Appellants' Br. at 21.  "Self-concealing acts" include those such as "passing off of a sham article as one that is genuine," or the formation of an antitrust conspiracy.  *State of N.Y. v. Hendrickson Bros.*, 840 F.2d 1065, 1083 (2d Cir. 1988).  Whether New York recognizes equitable estoppel based on a "self-concealing" act is an unsettled question.  Neither the New York Court of Appeals nor any state intermediate appellate court has addressed the issue, nor has this Court in a precedential opinion.[2]  Because New York state courts have not established such an exception to the general rule that plaintiffs must have "alleged an act of deception, separate from the ones for which they sue, on which an equitable estoppel could be based," *Corsello*, 18 N.Y.3d at 789, we will not adopt the exception to excuse Appellants from that well-established requirement of New York law.  Our "proper function" is "to ascertain what the state law is, not what it ought to be."  *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 497 (1941); *see also RSD Leasing, Inc. v. Navistar Int'l Corp.*, 81 F.4th 153, 161 (2d Cir. 2023) (holding that federal court will adopt party's urged position on state law only if it can "confidently predict" state's highest court would so hold).

---

[2] District courts in this Circuit have not reached uniform conclusions.  *Compare Malek v. AXA Equitable Life Ins. Co.*, No. 2:20CV04885(DG), 2023 WL 2682408, at *8 (E.D.N.Y. Mar. 29, 2023) ("Courts have also suggested that equitable tolling might apply [to GBL §349 and §350 claims] when alleged misrepresentations are 'inherently self-concealing.'") *with Fertitta v. Knoedler Gallery, LLC*, No. 1:14CV02259(JPO), 2015 WL 374968, at *9 (S.D.N.Y. Jan. 29, 2015) ("[T]o the extent that New York rejects the self-concealing fraud doctrine altogether, the Court does not apply the doctrine here.").  *See also Merritt v. United States*, 592 F. Supp. 3d 340, 354 (D. Vt. 2022) ("Federal courts asked to rule on an unsettled question of state law should do so only where an answer to the question is necessary for a decision.").

7

## III. Unjust Enrichment Claim

Finally, Appellants' unjust enrichment claim was properly dismissed as duplicative of their GBL claims. Under New York law, "unjust enrichment is not a catchall cause of action to be used when others fail. It is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Corsello*, 18 N.Y.3d at 790. That unusual situation is not presented here, where Appellants based their statutory claims on the same facts underlying the unjust enrichment claim. "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Id.* "Here, the plaintiffs based their unjust enrichment claim on the same set of facts upon which they based their [other] claims. Namely, they alleged that the defendants deceived them . . . and the defendants unjustly derived a financial benefit from that deceit. . . . [Because] plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy the defects." *Philip S. Schwartzman, Inc. v. Pliskin, Rubano, Baum & Vitulli*, 187 N.Y.S.3d 702, 706 (App. Div. 2d Dep't 2023) (citations and quotation marks omitted).

For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8